## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **Lavern Jones, *et. al*,** | : | **Case No. 3:12 CV 00345** |
| Plaintiffs, | : | |
| v. | : | |
| **International Longshoremen's Association (ILA),** ***et al.,*** | : | **MAGISTRATE'S REPORT & RECOMMENDATION** |
| Defendants. | : | |

### I. INTRODUCTION

In this litigation, Plaintiffs challenge the validity of a trusteeship established and administered by a labor organization.  Pursuant to 72.1 of the UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO LOCAL CIVIL RULES, the case was referred to the undersigned Magistrate Judge for adjudication of all pretrial matters.  The following Motions and Oppositions are pending:

(1)    Plaintiffs' Amended Motion to Dismiss Party Marvin Smith, Plaintiffs' Motion to Dismiss Herbert Martin, Defendants' Opposition seeking attorney fees, costs and expenses and Plaintiffs' Response (Docket Nos. 27, 28, 29 and 32).

(2)    Motion to Dismiss Case filed by all Plaintiffs and Opposition filed by all Defendants (Docket Nos. 30 and 33).

For the reasons that follow, the Magistrate recommends that the Court deny the Amended Motion

to Dismiss Party Marvin Smith (Docket No. 27), deny the Motion to Dismiss Herbert Martin (Docket No. 28) and grant the Motion to Dismiss the case subject to conditions (Docket No. 30).

## II. JURISDICTION.

Jurisdiction exists in this Court for the filing of a complaint by a labor organization under the provisions of 29 U.S.C. § 464(a), which provides in pertinent part:

> . . . .any member of a labor organization alleging that such organization has violated provisions of the chapter . . . .may bring a civil action in any district court of the United States having jurisdiction of the labor organization for such relief (including injunctions) as may be appropriate.

## III. THE PARTIES.

Plaintiff Lavern Jones (Jones) was employed by Midwest Terminal as the maintenance supervisor.  When he filed this cause of action, Plaintiff Jones was not a member in good standing with Local 1982 (Docket No. 29, Attachment 1, pp. 7-8, 9-10, 11 of 76).

Marvin Smith (Smith), Herbert Martin (Martin), Randy Baumer (Baumer) and Prentis Hubbard (Hubbard) were joined as Plaintiffs on May 1, 2012 (Docket No. 24).  Randy Baumert represented that he was a member of Local 1982 in good standing on June 5, 2012 (Docket No. 29, Attachment 2, p. 13 of 32).

Defendant ILA-AFL-CIO is the largest union of maritime workers in North America.  The following officers were named in their official capacity:

- International President Harold J. Daggett.
- President emeritus Richard P. Hughes, Jr.
- Secretary-Treasurer Robert E. Gleason.
- Assistant General Organizer of the National Union and Trustee, John D. Baker.
- Vice President of the National Union and Trustee James H. Paylor, Jr.
- Vice President Andre Joseph.

(Docket No. 1, ¶s 4-10; Http://ilaunion.org/).

2

Longshoremen AFL-CIO Local 1982 is an affiliate of ILA with its principal place of organization in Toledo, Lucas County, Ohio.  http://www.unions.org/unions/International-longshoremens's-association/local-1982/333).

### IV. FACTUAL BACKGROUND.

On or about March 16, 2010, the Office of Labor Management Standards reported that an audit of the Longshoremen Local 1982's records for fiscal year ending January 31, 2009, had been completed under its Compliance Audit Program.  The limited scope of the audit had been to determine the organization's compliance with the provisions of the Labor-Management Reporting and Disclosure Act of 1959.  Among other things, the audit revealed record keeping and reporting violations.  Www.dol.gov/olms/regs/compliance/CAP_Closing Letters_2010.

On April 23, 2010, Local 1982's autonomy to operate was suspended and ILA-AFL-CIO imposed a trusteeship for purposes of, *inter alia,* assuring performance under the collective bargaining agreements , restoring democratic procedures and a governance structure and addressing issues regarding training and the administration of its Health and Welfare Fund and/or Pension Fund. This trusteeship was imposed by Defendants Hughes, Gleason, Baker and Paylor (Docket No. 1, Attachment 3, pp. 1-2 of 12).

The semiannual report for the period of April 23, 2010 through October 23, 2010, showed, *inter alia*, that the trustees were resolving an inordinate number of recurring grievances about unfair labor practices and the absence of a trust fund.  The report was endorsed by Defendants Hughes, Gleason and Baker (Docket No. 1, Attachment 3, pp. 5-6 of 12).

In separate semiannual reports for the period ending April 23, 2010, signed by Defendants Hughs, Gleason and Baker in June 2011, the status quo prevailed (Docket No. 1, Attachment 3, pp.

3

7-8, 9-10 of 12).  As of November 17, 2011, Defendants Hughes, Gleason and Baker reported that

the trusteeship would probably terminate soon as the trustee (s) expected to finish negotiations on

the collective bargaining agreement and engage members in the election of officers (Docket No. 1,

Attachment 3, pp. 11-12 of 12).

## V. PROCEDURAL BACKGROUND.

On February 13, 2012, Plaintiff Jones initiated this case in which he seeks an order:

(1)     Enjoining the trustees from relieving Local 1982 of its autonomy,
(2)     Finding the trusteeship invalid,
(3)     Terminating the trusteeship;
(4)     Authorizing Local 1982 to conduct its own elections;
(5)     Returning Local 1982's autonomy and
(6)     Requiring the trustee(s) to provide a full financial accounting.

(Docket No. 1).

In their Answer, Defendants Baker, Daggett, Gleason and Hughes requested that the Court

dismiss the Complaint because:

(1)     Plaintiff lacked standing to bring this suit.
(2)     Plaintiff failed to exhaust administrative and/or collective bargaining arbitration
        remedies.
(3)     Plaintiff's claims are time-barred by the applicable statutes of limitations.
(4)     Plaintiff has failed to join indispensable parties.
(5)     Plaintiff's claims are barred under the doctrine of laches and the equitable doctrine
        of unclean hands.
(6)     Plaintiff has waived his claims.
(7)     Plaintiff failed to mitigate damages.
(8)     There is no causal connection between any acts and omissions that may be attributed
        to Defendants ILA, Daggett, Hughes, Gleason, and Baker, Paylor and Joseph and any
        of the damages alleged by Plaintiff.
(9)     Defendants ILA, Daggett, Hughes, Gleason, and Baker, Paylor and Joseph reserve the
        right to raise any further defenses that may arise in the course of these proceedings or as a
        result of discovery.

(Docket No. 18).

On May 3, 2012, Plaintiffs Smith, Baumer, Martin and Hubbard were joined as parties

4

pursuant to FED. R. CIV. P. 20(a).

On June 7, 2012, Plaintiff Smith filed an Amended Motion to Dismiss pursuant to FED. R. CIV. P. 41.  On June 7, 2012, Plaintiff Martin filed a Motion to Dismiss pursuant to FED. R. CIV. P. 41 (Docket Nos. 27 & 28).  Defendants opposed the dismissal of any parties from this litigation until such time as the Court determined what is appropriate reimbursement for attorney fees and costs (Docket No. 29).  On July 24, 2012, Plaintiffs Baumer, Hubbard, Jones, Martin and Smith filed a response explaining that the costs incurred by Defendants were outside the realm of their control (Docket No. 32).

On July 13, 2012, a Motion to Dismiss pursuant to FED. R. CIV. P. 41, endorsed by all Plaintiffs was filed (Docket No. 30).  A telephone conference was conducted on July 17, 2012, in which Defendants were directed to provide an estimate of costs incurred to defend this action to permit the parties to attempt to amicably resolve the issues of assessing costs against Plaintiffs (Docket No. 31).  Settlement discussions did not occur and Defendants filed a written Opposition on July 27, 2012, requesting a stay of the litigation pending the Court's determination of what is appropriate reimbursement for attorney fees and costs (Docket No. 33, pg. 2).

### VI.  PLAINTIFFS' AMENDED MOTION TO DISMISS PARTY MARVIN SMITH. Docket Nos. 27 and 29.

Plaintiff Smith filed a Motion to Dismiss his claim under FED. R. CIV. P. 41.  He offers no explanation for why he should be dismissed as a party from this case.

The Magistrate acknowledges that given its substantive content, Rule 41 is not the proper vehicle to dismiss less than the entirety of a controversy or action.  The dismissal of an individual party to a litigation is more appropriately accomplished pursuant to FED. R. CIV. P. 21.

Under FED. R. CIV. P. 21, a misjoined party may be dropped on motion of any party or even

on the court's initiative at any state of the action and on such terms as are just. The Sixth Circuit has suggested that a district's decision to drop a misjoined party pursuant to Rule 21 is affirmed unless the reviewing court is left with a definite and firm conviction that the trial court committed a clear error of judgment. *Sutherland v. Michigan Department of Treasury*, 344 F. 3d 603, 612 (6th Cir. 2003) (*citing Letherer v. Alger Group, LLC,* 328 F. 3d 262, 266-267), *recognized as overruled on other grounds in Blackburn v. Oaktree Capital Management, LCC*, 511 F. 3d 633, 636 (6th Cir. 2008) (*quoting Cincinnati Insurance Company v. Byers*, 151 F. 3d 574, 578 (6th Cir. 1998)). Misjoinder is not a ground for dismissing an action. FED. R. CIV. P. 21 (Thomson Reuters 2012).

During his deposition, Plaintiff Jones admitted that at the time this lawsuit was filed in February 2012, he was not a member of Local 1982 in good standing when this cause of action was filed, he paid no dues to Local 1982 for the hours worked in the maintenance shop, he was not subject to a collective bargaining unit that governed the work performed in the maintenance shop and he performed no work under the jurisdiction of Local 1982 (Docket No. 29, Attachment 1, pp. 7-8, 9-10, 11 of 76). By the time he was deposed in June 2012, Plaintiff Jones had only recently settled his account for outstanding membership dues in Local 1982. Since Plaintiff Smith's interests overlapped with Plaintiff Jones, he was joined as part of a strategy to create subject matter and personal jurisdiction in the event that they are lacking. Plaintiff Smith is a necessary party as this term is defined under FED. R. CIV. P. 19(a). This Court cannot accord complete relief to all parties absent Plaintiff' Smith's presence. Therefore, the Magistrate recommends that the Court deny the Amended Motion to Dismiss Party Marvin Smith. Resolution of Defendants' request for an award of costs and fees made in the Opposition to the Amended Motion is addressed later in this Report and Recommendation.

6

## VII. PLAINTIFF MARTIN'S MOTION TO DISMISS PARTY.
### (DOCKET NOS. 28 AND 29).

Plaintiff Martin also filed a Motion to Dismiss his claim under FED. R. CIV. P. 41.  He, too, offers no explanation for why he should be dismissed as a party from this case.  The Magistrate finds that Plaintiff Martin is also a necessary party to this litigation.  He, too, was added as a party to address the challenge as to standing and maintain jurisdiction.  His presence is required so that the Court can accord complete relief among the existing parties.  Accordingly, the Magistrate recommends that the Court deny Plaintiff Martin's Motion to Dismiss him as a party.

## VIII. MOTION TO DISMISS CASE FILED BY PLAINTIFFS.
### (DOCKET NOS. 30, 32 & 33).

Plaintiffs collectively filed a generic Motion to Dismiss pursuant to FED. R. CIV. P. 41 for the reason that the "Officers of Local 1982 have been elected; the trusteeship is at or near its end, and therefore no cause now exists to continue this case."

### 1. STANDARD OF REVIEW FOR FED. R. CIV. P. 41(a)(1) & (2)

Dismissal under FED. R. CIV. P. 4l(a)(1) is available without the court's consent so long as it is accomplished before either an answer or a motion for summary judgment are served.  Certainly dismissal may also be entered by stipulation of the parties.

Pursuant to Rule 41(a)(2), an action may be dismissed at the plaintiff's request only by court order and on terms that the court considers proper.  *Warfel v. Chase Bank USA, N.A.*, 2012 WL 441135, *4 (S. D. Ohio 2012) (*citing* FED. R. CIV. P. 41(a)(2)).  Dismissal pursuant to Rule 41(a)(2) rests "within the sound discretion of the district court."  *Id.* (*citing Grover v. Eli Lilly and Company*, 33 F.3d 716, 718 (6th Cir. 1994)).  A dismissal "without prejudice" does not preclude a plaintiff from initiating the same action again.  *Shulman v. Czerska,* 2012 WL 662216, *2 (E. D. Mich. 2012)

(*citing Massey v. City of Ferndale,* 117 F.3d 1420 (6th Cir. 1997).  Attorney fees and costs may be granted in dismissals "without prejudice" at the sound discretion of the district court.  *Id.* (*citing DWG Corp. v. Granada Investments, Incorporated*, 962 F.3d 1201, 1202 (6th Cir. 1992)).  A dismissal "with prejudice" operates as a rejection of the plaintiff's claims on the merits.  *Id.* (*citing Michigan Surgery Inventory, LLC v. Arman*, 627 F.3d 572, 577 (6th Cir. 2010)).  The Court must give the plaintiff an opportunity to withdraw the request for dismissal without prejudice.  *Id.*

    **2. ANALYSIS OF THIS CASE.**

So far in this litigation, Defendants have filed an Answer, asserting several affirmative defenses.  Accordingly, Rule 41(a) (1) is not the proper vehicle to dismiss this case.

FED. R. CIV. P. 41(a)(2) is the appropriate vehicle for analysis of whether Plaintiffs' Motion for Dismissal should be granted.  In light of the parties' arguments, the Magistrate finds several arguments that weigh in favor of granting the Motion to Dismiss without prejudice.  First, Defendants concede that a conditional dismissal is warranted.  Second, Defendants have expended considerable resources in propounding discovery; no further attorney or court resources will be encumbered.  Third, Plaintiffs have obtained the relief requested.  Fourth, Plaintiffs will no longer seek delays or lack diligence on their part in pursuing their claims.  Fifth, Plaintiffs will not be denied the opportunity to present their claims in any court on any theory.

The Magistrate recommends that the Court grant Plaintiff's request for dismissal under FED. R. CIV. P. 41(a)(2).  Now, the issue before this Court is whether to condition the dismissal on payment of extraordinary fees and costs incurred by Defendants while taking Plaintiffs' depositions.

**IX. THE OPPOSITIONS.**

8

Defendants objected to the dismissal of Plaintiffs as parties and the Motion to Dismiss the case in its entirety to the extent that Plaintiffs seek withdrawal without first reimbursing the defendants under FED. R. CIV. P. 37 for legal fees and costs that were incurred in connection with traveling to and attending the scheduled depositions (Docket Nos. 29 & 32).

   1. **DEFENDANTS' POSITION.**

Defendants were unable to obtain the depositions of Plaintiffs Martin and Smith. By way of background, Defendants claim that shortly after the March 9, 2012 conference, Defendants notified Plaintiffs of the respective depositions by two letters addressed to their legal counsel, Benjamin Randall, Esq. In letters dated May 16 and 18, 2012, Defendants' counsel further notified Plaintiffs' counsel of the intent to depose Plaintiff and certain non-parties. The non-party depositions were postponed indefinitely by letter to each of the non-party deponents by letters mailed to Mr. Randall.

On June 1, 2012, Defendants' counsel contacted Mr. Randall by electronic mail (e-mail) in order to confirm that the remaining depositions would proceed as scheduled:

   1. Randy Baumert           June 5, 2012 at 9:30 a.m.
   2. Prentis Hubbard –       June 5, 2012 at 2:00 p.m.
   3. Christopher Blakely      June 6, 2012 at 9:30 a.m.
   4. Lavern Jones            June 6, 2012 at 2:00 p.m.
   5. Marvin Smith            June 7, 2012 at 9:30 a.m.
   6. Herbert Martin          June 7, 2012 at 2:00 p.m.

Mr. Randall did not communicate concern about the deposition schedule or an intent to seek dismissal of the case.

On June 4th Defendants' counsel, Vincent Torregiano, Esq., traveled from New York City, New York, to Toledo, Ohio, to attend the scheduled depositions. On June 5, 2012, Mr. Torregiano deposed Plaintiff Baumert. Afterwards, Mr. Randall advised for the first time that Plaintiff

Hubbard's deposition would have to be rescheduled.  It was rescheduled for June 7th at 11:00 A.M. On the evening of June 6, 2012, Mr. Randall advised Mr. Torregiano by e-mail that Plaintiff Smith was unavailable and asked to reschedule the deposition of Plaintiff Smith.  Mr. Torregiano advised that his travel arrangements did not permit him to accommodate the request.  At that time, Mr. Randall advised that Plaintiff Smith would be available for deposition at 2:00 P.M. on June 7th but that Plaintiff Martin was unavailable for deposing because he was never notified and he would be working out of town.  Mr. Randall and Mr. Torregiano agreed to postpone Plaintiff Martin's deposition indefinitely.  Mr. Randall then informed Mr. Torregiano that Plaintiff Smith would be available to be deposed at 2:00 p.m. on June 7th.

Prior to beginning Mr. Hubbard's deposition on June 7th, the parties agreed that Plaintiff Martin's deposition would be held later that day on June 7th, after Plaintiff Martin returned from work.  As a result of the agreement Mr. Torregiano scheduled a later flight on June 7th.  After Plaintiff Hubbard's deposition, and while awaiting Plaintiff Smith' arrival, Mr. Randall contacted Mr. Torregiano by electronic-mail and stated that Plaintiff Smith agreed to "bow out" and at 4:05 p.m. Mr. Randall contacted Mr. Torregiano by e-mail advising that Plaintiff Martin, too, would seek dismissal as a party and was not going to appear at the deposition.

Pursuant to FED. R. CIV. P. 37, Defendants seek an order compelling Plaintiffs to reimburse them for the following fees and costs:

| | |
|---|---|
| Hotel (one night) | $89.90 |
| Car rental (one day) | $106.12 |
| Airfare transfer fee | $150.00 |
| Court reporter fees for cancelled depositions | $187.50 |

| | |
|---|---|
| Attorney fees from the conclusion of the Hubbard deposition until the cancellation of the remaining deposition | $325 per hour x 3 hours = $975.00 |
| Attorney fees for additional two hours of travel caused by flight change | $325 per hour x 2 hours = $650.00 |
| Total | $2,158.52 |

### 2. PLAINTIFF'S POSITION.

Plaintiffs conceded that the depositions of Plaintiffs and other non-parties were scheduled for June 4 through June 7, 2012. They do not challenge Defendants' compliance with the deposition notices to the extent that notice was required under the Federal Rules. Due to unforeseen and unavoidable circumstances, two of the Plaintiffs were not able to appear at the scheduled times. Plaintiffs Smith and Martin had nothing other than their membership standing to add to Plaintiffs' case, and nothing at all to add to Defendants case. Plaintiff Martin was out of town at work, and claimed he did not receive notice, and Plaintiff Smith was available for deposition, but needed to reschedule for a later time that day.

After the third day of depositions it became clear, at least to Plaintiffs' attorney, that there was not any collusion and never had been. Thus, Plaintiffs no longer had a cause of action. At that point, Messrs. Martin and Smith agreed to be dismissed as Plaintiffs only after they were repeatedly reassured by counsel that the case could go forward without them.

### 3. THE CIVIL RULES.

FED. R. CIV. P. 37(d)(1)(A)(1) mandates the imposition of sanctions where "a party . . . fails, after being served with proper notice, to appear for that person's deposition" and Rule 37(d)(3) provides that the court must require "the party failing to act, the attorney advising that part, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

11

The Sixth Circuit has adopted a four-factor test, the *Freeland* factors, to determine whether a district court's decision to impose sanctions under Rule 37 amounts to an abuse of discretion:

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered.

*Doe v. Lexington-Fayette Urban County Government,* 407 F.3d 755, 765-766 (6th Cir. 2005)

(*citing Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)).

In addition to sanctions under Rule 37, sanctions are also appropriate under Civil Rule 30(d) under the following circumstances:

> The Court may impose an appropriate sanction—including the reasonable expenses and attorneys' fees incurred by any party—on a person who impeded, delays, or frustrates the fair examination of the deponent.

FED. R. CIV. P. 30(d)(2) (Thomson Reuters 2012).

**4.  APPLICATION OF THE *FREELAND* FACTORS.**

The first *Freeland* factor weighs in Defendants' favor because there is little about Plaintiffs' behavior that an individual could differ.  The Magistrate considers that Plaintiffs had a duty imposed on them by this Court to frame a discovery plan and then participate in the plan.  With the exception of Plaintiffs Smith and Martin, all scheduled depositions were taken.  Even though Plaintiff Martin did not remember receiving notice that he was being deposed, Plaintiffs and counsel waited until Mr. Torregiano had rescheduled his flight and the depositions were to commence before reporting that they were "bowing out."  Plaintiffs Smith and Martin's efforts to comply with the deposition schedule were wholly insufficient in regard to participating in the discovery plan.

In regard to the second factor of the test, the Magistrate finds Defendants were prejudiced

by Plaintiffs' refusal to comply fully with discovery requests that they were legally obligated to provide.  Plaintiffs Smith and Martin suggested that their withdrawal from the deposition schedule on the third day must have diminished costs.  In fact the opposite is true.  Defendants incurred additional expenses including attorney fees, the fee to reschedule a flight and the fee for engaging a court reporter.  To that end, Defendants were prejudiced by Plaintiffs' failure to cooperate.  This factor weighs in Defendants' favor.

At the third prong of the *Freeland* test, the record does not advise if Plaintiffs were warned prior to the scheduling of the depositions that their failures to cooperate with discovery could result in the imposition of sanction.  Nevertheless, Defendants were warned in the Oppositions to the Motions to Dismiss that attorney fees could be awarded for their capricious behavior.  Plaintiffs were then provided an opportunity to file a response (Docket Nos. 29 & 33).  Plaintiffs took advantage of the opportunity to address Defendants' request for sanctions in their Response, providing prodigious rationales why sanctions should not be imposed (Docket No. 32).  Although principles of due process were eventually satisfied, this factor weighs less in favor of granting sanctions.

Lastly, Defendants did not seek less drastic measures as it would have been futile.  When Plaintiffs' counsel realized that there was no legally cognizable cause of action, Plaintiffs started to withdraw as parties and requested that the Court dismiss the case.  This factor weighs in favor of granting sanctions.

Upon consideration of the *Freeland* test, the Magistrate finds that Plaintiffs were not substantially justified in its selection of  the rules with which to comply.  The Magistrate recommends that the Court impose sanctions on Plaintiffs under Rule 37 for failure to attend

13

scheduled depositions and to give opposing counsel adequate advance notice of the inability to do so.  The Magistrate turns to the types of sanctions that should be imposed.

    **5.  TYPES OF SANCTIONS**.

Under Rule 37(d)(3), sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).  This may include any of the following:

(i)      directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)     prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)    striking pleadings in whole or in part;

(iv)    staying further proceedings until the order is obeyed;

(v)     dismissing the action or proceeding in whole or in part;

(vi)    rendering a default judgment against the disobedient party; or

(vii)   treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.  FED. R. CIV. P. 37(d) (3) (Thomson Reuters 2012).  This provision places the burden on the disobedient party to avoid expenses by showing that his failure is justified or that special circumstances make the award of expenses unjust.

Plaintiffs suggest that the Court consider six reasons that reimbursement for attorney fees and costs is exploitive and therefore unjust.  First, there is no supporting documentation or other explanation for the expenses.  Even with meals and an extra night at a Toledo hotel, costs of $2,158.52 seem excessive. The additional reasons presented by Plaintiff follow.

Second, Defendants used an attorney from Manhattan, New York City, New York, when far less expensive and equally qualified local counsel has been listed on the pleadings and was listed

14

on the deposition notices.  Plaintiffs should not be expected to bear the expense of Defendants' decision to use counsel from Manhattan.

Third, Defendants are attempting to increase the hotel bill by one extra night of lodging in Toledo.

Fourth, Defendants scheduled these depositions with no more notice to Plaintiffs than a preliminary email suggesting a number of dates for depositions.  No followup call or confirmation was made.  Plaintiffs were surprised at receiving the deposition notices without a confirmation and they did their best to accommodate Defendants' schedules.

Fifth, Plaintiffs made a good faith effort to minimize costs by filing Motions to Dismiss immediately when it was discovered that there was no need to depose some of the parties. Defendants should consider the money they saved by not having to incur the fees of a court reporter, etc., for two more depositions.

Sixth, Defendants come to the Court with essentially unclean hands.  Defendants have not complied with Plaintiffs' discovery requests, specifically, the interrogatories and requests for production of documents that were served on Defendants prior to Plaintiffs' Motion to Dismiss the case.

Plaintiffs' arguments as to why Defendants should not be awarded costs or fees do not constitute substantial justification for their actions.  The traditional sanctions listed in Rule 37(b)(2)(A)(i)–(vi) are inapplicable in this case as the Magistrate recommends dismissal and that Plaintiffs be required to pay reasonable expenses and fees.

The hotel room rate requested by Defendants' counsel appears to be consistent with hotel rates in Toledo, Ohio; however, the Magistrate does not find that Defendants are entitled to an

additional fee for lodging. Apparently Mr. Torregiano had prearranged lodging from June 5 through June 7. Mr. Torregiano would have incurred an extra night's lodging if he arrived on June 4 but this would have been a part of the prearranged plan for completing the deposition schedule. He changed his flight from 7:15 P.M. to 9:55 P.M. on June 7 and he returned to New York on that same date. Under these circumstances, payment for an additional night's lodging did not seem warranted.

Similarly, Mr. Torregiano had a prearranged car rental contract. Defendants have not submitted any evidence that when their counsel delayed his flight for two hours, he incurred an additional day's rental on the car.

However, attempting to accommodate the Plaintiffs' schedules on June 7, Mr. Torregiano incurred the expenses of changing his flight and engaging a court reporter. The Magistrate recommends that Plaintiffs be responsible for and pay these expenses.

The Magistrate does not find convincing the argument that local counsel was not used to conduct the depositions since there is no evidence that local counsel would have charged a lower hourly rate. The Magistrate is concerned that after Plaintiff Hubbard's deposition, Plaintiffs allowed Mr. Torregiano to remain for three hours until 4:00 P.M. before cancelling further depositions. Mr. Torregiano's flight was not scheduled to depart until 7:15 P.M. and he was initially scheduled to have three hours of free time. He should not be awarded fees for hours he would have otherwise spent in the same posture.

Mr. Torregiano is entitled to fees for the two additional hours he spent awaiting a later flight. Having changed his flight to accommodate Plaintiffs' schedules, Mr. Torregiano stayed in Toledo two additional hours awaiting departure of his rescheduled flight.

After considering the above factors, the Magistrate finds that Plaintiffs may not avoid

16

payment of attorney fees for two hours of Mr. Torregiano's time ($650), expenses of an airline transfer fee ($150) and expenses for the court reporter ($187.50). The Magistrate recommends that the Court award attorney fees and costs of $987.50 to Defendants to be paid by Plaintiffs.

## X. THE CONCLUSION.

The Magistrate recommends that the Court (1) deny the Amended Motion to Dismiss (Docket No. 27), (2) deny the Motion to Dismiss Herbert Martin (Docket Nos. 28) (3) grant Motion to Dismiss Case filed by all Plaintiffs upon the condition that Plaintiffs shall be responsible for and pay to Defendants attorney fees and expenses totaling $987.50; (4) enter judgment for Defendants as against Plaintiff for $987.50 and (5) terminate the referral to the undersigned Magistrate.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date: August 23, 2012

## XI. NOTICE

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to the report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy

17

thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals.  In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.